## Moline State Savings Bank v. James Liggett.

1. EVIDENCE—*Of Implied Authority of Wife to Draw Husband's Money.*—In an action against a bank by a husband, for money paid to his wife from his account, evidence that his wife frequently made deposits on his account, presenting his bank-book and drawing the money from the bank on account of her husband, and that the bank had no notice of any change in the relationship between the husband and wife, is admissible to show whether or not the wife had actual or implied authority from the husband to draw on his account.

2. INSTRUCTIONS—*Authority Given to Wife to Present Husband's Pass-Book and Draw His Money.*—An instruction to the jury that unless they found that defendant had shown, by a preponderance of the evidence, that plaintiff intended to authorize his wife to present his bank-book and draw his money they should find the issues for the plaintiff, is erroneous. The question is not what plaintiff intended to authorize his wife to do, but what he either actually authorized her to do or what defendant had the right to assume he had authorized her to do, from their course of business and other attending circumstances.

Assumpsit.—Appeal from the County Court of Rock Island County; the Hon. LUCIAN ADAMS, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

WOOD & PEEK, attorneys for appellant.

McCASKRIN & McCASKRIN, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit by appellee to recover money paid to his wife by appellant upon his pass-book, which the

wife presented to appellant at the time she received the money. It appeared from the proofs that on October 23, 1901, appellee and his wife each opened an account with appellant. Appellee received a .pass-book showing the amount of his deposit and containing the by-laws of the bank. He at the same time signed a "signature card" showing that his deposit was to be subject to the rules and regulations governing deposits as adopted by the bank from time to time. The by-laws contained in the pass-book provided that all deposits should be held to have been made according to the provisions of the by-laws; that any depositor desiring to withdraw his deposit in whole or in part, should present his book or certificate of deposit; that if the book or certificate of deposit shall be lost or stolen the owner must forthwith notify in writing, the bank of such loss, and that if no such notice was given and the bank should in good faith pay such deposit in whole or in part to one presenting such book or deposit, the bank should not be further liable thereon for the amount so paid. It further appeared that at the time appellee made his last deposit in the bank, which was January 22, 1902, his wife was present with him at the bank. On January 27, 1902, appellee's wife presented the pass-book which had been issued to her, and drew out all there was due upon it. At the same time she presented appellee's pass-book, upon which there was then due $410, and drew $200, giving a check signed by herself, but containing the number upon appellee's pass-book, for the amount. About a week before said payment was made the husband and wife had separated. The husband afterward brought suit to recover this money so withdrawn and obtained a verdict and judgment in his favor for $200 from which the bank appeals.

Upon the trial appellant offered to prove by its cashier that appellee had an account with this bank at various times; that he sometimes withdrew all his account and soon afterward deposited money in the same way, opening a new account; that on a number of occasions he drew out all his money and again deposited it; that his wife frequently made

deposits on his account, presenting his bank-book and drawing the money from the bank on account of her husband, and that the bank had no notice of any change in the relationship between appellee and his wife. The court, however, upon the objection of appellee, refused to permit such proof to be made, holding that the evidence must be confined to matters relating to the account in question.

We are of opinion the court erred in refusing to permit this proof to be made. It tended to show whether or not the wife had actual or implied authority from the husband to draw on his account. In 2 Morse on Banking, Sec. 620, it is said, in reference to the regulations adopted by savings banks for the withdrawal of deposits, "One of the commonest rules is that the bank-book must be produced in order to draw the deposit, and that production of the book shall be authority to the bank to pay the person producing it. This is regarded as a reasonable and binding regulation and if the bank pay to one having the book, there being no circumstances to excite suspicion and base an imputation of negligence on the part of the bank, the payment is good." If appellee had formerly authorized his wife to use his passbook and appellant knew of no change in their relations, it was a circumstance for the jury to consider as bearing upon the question of whether the bank was guilty of negligence in making the payment. The third instruction given for appellee told the jury that unless they found appellant had shown by a preponderance of the evidence that appellee intended to authorize his wife to present his bank-book and draw his money, they should find the issues for appellee. The question was not what appellee intended to authorize his wife to do, but what he either actually authorized her to do, or what appellant had the right to assume he had authorized her to do from their course of business and other attending circumstances. The instruction was therefore erroneous.

For the reasons above given the judgment of the court below will be reversed and the cause remanded.